# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| **COURTNEY R. LOGAN #179920,** | ) | |
| | ) | |
| Petitioner, | ) | No. 3:15-cv-00787 |
| | ) | Senior Judge Nixon |
| v. | ) | |
| | ) | |
| **BILL HASLAM,** *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## **M E M O R A N D U M**

The petitioner, Courtney Logan, proceeding *pro se*, is currently incarcerated at the Wilkinson County Correction Facility in Woodville, Mississippi. Presently pending before the court are Logan's petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 (Docket No. 1) and motion for order to show cause (Docket No. 6). Also pending is motion to dismiss for failure to exhaust state remedies by the respondents. (Docket No. 15).

**I.    Background**

On July 24, 2013, Logan filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 in this court, alleging that his transfer from Tennessee to Mississippi violated the Interstate Agreement on Detainers Act, his due process rights were being violated by the states and/or courts of Tennessee and Mississippi, he received ineffective assistance of counsel by Tennessee trial counsel, and he was denied access to courts and counsel while being extradited to and incarcerated in Mississippi. *See Logan v. State of Tenn.,* No. 3:13-cv-00743 (M.D. Tenn. 2014)(Trauger, J.). The court denied the petition and dismissed the action without prejudice to Logan's ability to refile once

1

he exhausted his state court remedies. Logan's first petition for writ of *habeas corpus*, filed on April 23, 2012, also was dismissed without prejudice to refile once Logan exhausted his state court remedies. *See Logan v. Howerton,* No. 3:12-cv-00550 (M.D. Tenn. 2013)(Sharp, J.).

On March 25, 2015, Logan challenged his extradition in Tennessee state court by filing a "Request for Pre-Habeas Corpus Challenge" to his extradition with the Davidson County Circuit Court, Case No. 4893. (Docket No. 1, Attach. 1 at p. 12). The case was transferred to the Davidson County Criminal Court, and that court treated the filing as a petition for writ of *habeas corpus* and summarily dismissed the petition on March 23, 2015. (Docket No. 1, Attach. 1 at p. 16). Logan filed a notice of appeal. (Docket No. 1, Attach. 1 at p. 19). The parties in that case have submitted briefs to the Tennessee Court of Criminal Appeals, but that court has not yet issued its opinion. *See* www2.tncourts.gov/PublicCaseHistory, *Courtney R. Logan v. State of Tennessee,* M2015-00725-CCA-R3-HC.

Logan filed the instant petition for writ of *habeas corpus* in federal court on July 17, 2015. (Docket No. 1). Once again, he challenges his extradition from Tennessee to Mississippi, among other claims.

## II. Exhaustion of State Court Process

28 U.S.C. §§ 2254(b) and (c) provide that a federal court may not grant a writ of *habeas corpus* on behalf of a state prisoner unless, with certain exceptions, the prisoner has presented the same claim sought to be redressed in a federal habeas court to the state courts. *Cullen v. Pinholster*, — U.S. —, 131 S. Ct. 1388, 1398, 179 L.Ed.2d 557 (2011). The petitioner must "fairly present" each claim to all levels of state court review, up to and including the state's highest court on

discretionary review, *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S. Ct. 1347, 158 L.Ed.2d 64 (2004), except where the state has explicitly disavowed state supreme court review as an available state remedy. *O'Sullivan v. Boerckel*, 526 U.S. 838, 847–48, 119 S .Ct. 1728, 144 L.Ed.2d 1 (1999).

This rule has been interpreted by the Supreme Court as one of total exhaustion. *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198, 71 L.Ed.2d 379 (1982). Thus, each and every claim set forth in the federal *habeas corpus* petition must have been presented to the state appellate court. *Picard v. Connor*, 404 U.S. 270, 92 S. Ct. 509, 30 L.Ed.2d 438 (1971). *See also Pillette v. Foltz*, 824 F.2d 494, 496 (6th Cir.1987) (exhaustion "generally entails fairly presenting the legal and factual substance of every claim to all levels of state court review"). Moreover, the substance of the claim must have been presented as a federal constitutional claim. *Gray v. Netherland*, 518 U.S. 152, 162–63, 116 S. Ct. 2074, 135 L.Ed.2d 457 (1996).

Tennessee Supreme Court Rule 39 eliminated the need to seek review in that court in order to "be deemed to have exhausted all available state remedies." *Adams v. Holland*, 330 F.3d 398, 402 (6th Cir. 2003), *cert. denied*, 541 U.S. 956, 124 S. Ct. 1654, 158 L.Ed.2d 392 (2004); *see also Smith v. Morgan*, 371 F. App'x 575, 579 (6th Cir. 2010) ( "*Adams* not only requires the federal courts to ensure that the state courts have the first opportunity to review and evaluate legal claims . . . but also mandates that the federal courts respect the duly-promulgated rule of the Tennessee Supreme Court that recognizes the law and policy-making function of that court and the court's desire not to be entangled in the business of simple error correction"). Thus, for purposes of exhaustion, the Court of Criminal Appeals is the highest available state court in Tennessee. *Adams*, 330 F.3d at 402.

The exhaustion requirement pertains to claims brought under § 2241. *See Phillips v. Court of Commons Pleas, Hamilton County, Ohio,* 668 F.3d 804, 810 n.4 (6th Cir. 2012). The burden is

3

on the petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

### III.  Respondents' Motion to Dismiss for Failure to Exhaust State Remedies

The respondents seek dismissal of the petitioner's instant § 2241 petition on grounds that he has failed to exhaust available state remedies. (Docket No. 15). According to the respondents, because the petitioner's challenge to his extradition is presently pending before the Tennessee Court of Criminal Appeals through the petitioner's appeal of the Davidson County Criminal Court's dismissal of his "Request for Pre-Habeas Corpus Challenge," his extradition challenge remains unexhausted. Further, the respondents note that they have been unable to retrieve and review the complete state court record in this matter due to the petitioner's continued efforts for relief at the state court level. (Docket No. 16 at p. 3 n.2). As a result, the respondents contend that the petitioner's federal petition must be dismissed without prejudice until he properly exhausts his claims. (*Id*. at pp. 2-3).

The materials submitted by the petitioner in support of his motion for order to show cause confirm that the petitioner is seeking an appeal of the denial of his "Request for Pre-Habeas Corpus Challenge" in state court. (Docket No. 6). His appeal is still pending. The record demonstrates that the petitioner, once again, has not exhausted his state court remedies before seeking federal relief.

**IV.     Conclusion**

For the reasons explained herein, the respondents' motion to dismiss (Docket No. 15) will be granted for failure to exhaust state court remedies,[1] the petition will be denied, and this action will be dismissed **without prejudice** to refile once the petitioner has exhausted his state court remedies.

The petitioner's motion for order to show cause (Docket No. 26) will be denied as moot.

An appropriate order will be entered.

                                                                  _____
                                                                  John T. Nixon
                                                                  Senior United States District Judge

---

[1] Because the court dismisses the petition for failure to exhaust state court remedies, at this time the court will not reach the merits of the petitioner's claims.